# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Taha Abouramadan, | Case No. 2:20-cv-01206-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| State of California, et al., | |
| Defendants. | |

Before the Court are a slew of motions and stipulations filed by the parties: plaintiff and defendant State of California have "stipulated" to staying discovery and submission of the parties' proposed discovery plan and scheduling order ("DPSO"), ECF No. 41; plaintiff seeks clarification regarding whether his stipulation with California would preclude him from conducting discovery to respond to the four motions to dismiss pending before the district judge, ECF No. 47; defendant Los Angeles Lakers, Inc., and National Basketball Association, Inc. move to stay discovery and submission of a proposed DPSO, ECF No. 46; defendant Mitchell Silberberg and Knupp LLC likewise moves to stay discovery but would also like to continue the deadline for the parties' exchange of mandatory disclosures, ECF No. 50; and defendant City of Walnut moves to extend the deadline for submission of the proposed DPSO, ECF No. 51. Additionally, there are four motions to dismiss pending before the district judge, and plaintiff has thrice requested an extension for his responses to those motions. ECF Nos. 14, 16, 20, 24, 44, and 49.

In his complaint, plaintiff brings claims for civil conspiracy, negligent hiring, training, and supervision, and negligence. ECF No. 1 at 10. Plaintiff accuses various defendants of unethically helping defendant Metta Sandiford-Artest legally change his name to "Metta World Peace." ECF No. 1 at 5. Plaintiff states that this new moniker is misleading because defendant Artest is supposedly a violent person. *Id.* According to plaintiff, California "should have known of

Artest's violent reputation to injure people," *id.* at 8, the petition for Artest's name change "was not done in good faith," *id.* at 9, and "a California judge should not have ever approved it," *id.* at 10. This name change somehow culminated in a conspiracy to inflict injury upon plaintiff on July 15, 2012, *id.* at 10, which is now over eight years ago. Plaintiff pleads damages "in excess of $25,000.00." *Id.* at 14.

The Court has wide discretion in controlling discovery and, more broadly, "the pretrial phase of litigation." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Redeker v. Cox*, 2017 WL 2728030, at *1 (D. Nev. June 23, 2017) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Here, the Court has reviewed the complaint and motions pending before the Court, and it exercises its discretion to stay discovery and the deadline for submission of the parties' proposed DPSO until the Court is able to resolve the motions pending at ECF Nos. 46, 50, and 51. Those motions are not yet ripe for review because the respective deadlines for responses have not yet lapsed.

Regarding plaintiff's motion for clarification, plaintiff is instructed that in resolving a motion to dismiss, "the court asks only whether the pleadings are sufficient to establish a claim," not whether plaintiff will be able to "find evidence to support the pleadings." *Tracy v. U.S.*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Therefore, "[a]s a general rule," to resolve motions to dismiss, the district court's review "is limited to the complaint" and the court "may not consider any material beyond the pleadings," including materials obtained through discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff will not be permitted to conduct discovery to respond to the pending motions to dismiss. If plaintiff can cite to authorities supporting an exception to this well-settled, general rule, then he should do so in his responses to the motions at ECF Nos. 46, 50, and 51.

Finally, the Court notes that plaintiff's motion was docketed three separate times by the Clerk of Court because it seeks several forms of relief. The motion seeks: (1) clarification, ECF No. 47; (2) reconsideration of the district judge's order setting a deadline for a response to the motions to dismiss, ECF No. 48; and (3) an extension of the deadline to respond to the motions to

1  dismiss, ECF No. 49.  Plaintiff is instructed that under the Local Rules, "a separate document
2  must be filed" for "each type of relief request or purpose of the document."  LR IC 2-2(b).  Here,
3  the undersigned magistrate judge has resolved the motion for clarification docketed at ECF No.
4  47, but—absent a referral by the district judge—the district judge will resolve the requests for
5  reconsideration and extension at ECF Nos. 48 and 49.

6      IT IS THEREFORE ORDERED that plaintiff's motion for clarification (ECF No. 47) is
7  GRANTED as stated herein.

8      IT IS FURTHER ORDERED that discovery in this matter is STAYED until the court
9  resolves the motions pending at ECF Nos. 46, 50, and 51.

10     IT IS FURTHER ORDERED that the deadline for the submission of the parties' proposed
11 discovery plan and scheduling order and mandatory disclosures is STAYED until the court
12 resolves the motions pending at ECF Nos. 46, 50, and 51.

13     IT IS FURTHER ORDERED that the stipulation between plaintiff and California (ECF
14 No. 41) is GRANTED.  Discovery between plaintiff and California is stayed pending a decision
15 by the district judge on California's motion to dismiss.

16     IT IS SO ORDERED.
17     DATED: December 29, 2020.

                                                  BRENDA WEKSLER
                                                  UNITED STATES MAGISTRATE JUDGE